

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-90,447-01

## EX PARTE JAMAKA RAY COTTINGHAM, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 744984-A IN THE 176TH DISTRICT COURT
## FROM HARRIS COUNTY

NEWELL, J., filed a dissenting opinion in which RICHARSDON and WALKER JJ., joined.

Applicant was convicted of aggravated robbery. According to the State's case, Applicant and another man robbed Kenneth Brown while Mr. Brown was talking on a pay phone. Applicant presented an alibi defense. Police reports—turned over in pre-trial discovery—reflected that the getaway car was found and that the police were able to lift latent prints containing "sufficient characteristics to effect an identification." Applicant's trial attorney never investigated those prints.

In his application for post-conviction relief, Applicant alleges, among

other things, that in this case he did not receive effective assistance of counsel because trial counsel failed to conduct an adequate investigation into the case prior to trial. Subsequent to trial, the fingerprints have been analyzed and linked to two different men who were part of a car-jacking ring that Applicant did not belong to. The analysis excluded Applicant.

The State, the defense, and the habeas court all agree that Appellant is entitled to a new trial based at least upon trial counsel's failure to investigate this key identification evidence. I cannot see any strategic justification for counsel's failure.[1] And while I appreciate the Court's concern about the conflicting evidence regarding Applicant's involvement in the crime, I see no reason to remand for additional credibility findings that the trial court has already implicitly made. And even if the trial court makes an explicit credibility finding regarding the alternative perpetrator's unsworn statements, trial counsel's failure to investigate the fingerprint evidence and uncover this new information undermines confidence in the outcome of the proceedings.[2]

---

[1] *See, e.g., Wiggins v. Smith*, 539 U.S. 510, 521–22 (2003) (explaining that strategic choices made after a less than complete investigation are reasonable to the extent that reasonable professional judgments support the limitations of the investigation).

[2] *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) ("[A]ppellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the

Rather than grant relief on this ground, the Court chooses to remand the case for further findings related to Applicant's ineffective assistance claim. Just as in the Court's recent remand in *Ex parte Grant*,[3] the remand order in this case makes clear the Court's dissatisfaction with the State's post-conviction advocacy. It is not this Court's job to step in when it thinks the State isn't up to the task.[4] The habeas court's findings and conclusions are supported by the record. We should defer to them and grant relief.

With these thoughts, I respectfully dissent.

Filed: October 7, 2020

Publish

---

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

[3] *Ex parte Grant*, WR-84,021-04, 2020 WL 3635868, at *1 (Tex. Crim. App. July 1, 2020) (not designated for publication) (remanding for more fact finding after the trial court adopted Applicant's and the State's proposed findings of fact and conclusions of law recommending that we grant relief).

[4] *See, e.g., Ex parte McEwen*, 602 S.W.3d 586, 587 (Tex. Crim. App. 2020) (Newell, J., concurring) (noting that the Court should trust the State's decision on whether to raise a particular issue or make a particular argument).